IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-000279-DRB |
| | ) | |
| KWAME D. PATRICK | ) | |

**ORDER ON ARRAIGNMENT**

On January 10, 2006, the defendant, KWAME D. PATRICK, appeared in person and in open court with counsel and was arraigned in accordance with the provisions of Rule 10 of the Federal Rules of Criminal Procedure.

**1. PLEA.** The defendant entered a plea of NOT GUILTY. Counsel for the defendant is requested to contact the U.S. Attorney immediately if the defendant intends to engage in plea negotiations. If the defendant decides to change this plea, the parties shall file a notice of intent to plead guilty or otherwise notify the clerk's office as soon as possible so this action may be set on a plea docket.

**2. TRIAL.** This case is set for jury selection at **10:00 a.m.** and trial immediately following before the undersigned during the criminal term beginning **March 20, 2006**, in District Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, 1 Church Street, Montgomery, Alabama. Any requested voir dire questions and jury instructions must be filed no later than **March 13, 2006.**

**3. PRETRIAL MOTIONS.** All pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16, all notices under Fed.R.Crim.P. 12.1, 12.2 and 12.3, and any motion to compel pursuant to this court's standing order on discovery must be filed no later than **February 27, 2006.** No motion filed after this date will be considered unless filed with leave of court.

Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture. See generally United States v. Richardson, 764 F.2d 1514, 1526-27 (11th Cir. 1985).

**4. DISCOVERY**

**INITIAL DISCLOSURES**: The government provided initial disclosures[1] to defendant at arraignment. Disclosures by the defendant shall be provided on or before **January 24, 2006.**

**VIDEOTAPE**.    The government shall advise the defendant on or before **January 20, 2006**, of any videotape of the offense charged, and the defendant shall be provided the opportunity to view the videotape on or before **January 27, 2006.**  On or before **February 3, 2006**, the government shall advise the court in writing of its plans to offer the videotape as evidence and shall specify the length of the tape, and the defendant shall also advise the court in writing whether he or she has viewed the videotape.

**MOTIONS:   No attorney shall file a discovery motion without first conferring with opposing counsel**, and no motion will be considered by the court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel. No discovery motions shall be filed for information or material within the scope of this Rule unless it is a motion to compel, a motion for protective order or a motion for an order modifying discovery. See Fed. R. Crim. P. 16(d). Discovery requests made pursuant to Fed. R. Crim. P. 16 and this Order require no action on the part of this court and shall not be filed with the court, unless the party making the request desires to

---

[1] Initial disclosures include but are not limited to: (A) Fed. R. Crim. P. 16(a) Information. All discoverable information within the scope of Rule 16(a) of the Federal Rules of Criminal Procedure; (B) *Brady* Material. All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, without regard to materiality, within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963); (C) *Giglio* Material. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972); (D) Testifying informant's convictions. A record of prior convictions of any alleged informant who will testify for the government at trial; (E) Defendant's identification. If a line-up, show-up, photo spread or similar, procedure was used in attempting to identify the defendant, the exact procedure and participants shall be described and the results, together with any pictures, and photographs, shall be disclosed; (F) Inspection of vehicles, vessels, or aircraft. If any vehicle, vessel, or aircraft, was allegedly utilized in the commission of any offenses charged, the government shall permit the defendant's counsel and any expert selected by the defense to inspect it, if it is in the custody of any governmental authority; (G) Defendant's latent prints. If latent fingerprints, or prints of any type, have been, identified by a government expert as those of the defendant, copies thereof shall be provided; (H) Fed. R. Evid.404(b). The government shall advise the defendant of its intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence; and (I) Electronic Surveillance Information. If the defendant was an aggrieved person as defined in 18 U.S.C. § 2510(11), the government shall so advise the defendant and set forth the detailed circumstances thereof.

preserve the discovery matter for appeal.

**JENCKS ACT STATEMENTS.**  The government agrees to provide defense counsel with all Jencks Act statements no later than the day scheduled for the commencement of the trial.[2]

**5.  MANDATORY APPEARANCE OF COUNSEL.**  Counsel of record for all parties are ORDERED to appear at all future court proceedings in this criminal case.  Those attorneys who find it impossible to be in attendance (especially at jury selection or trial) must make arrangements to have substitute counsel appear on behalf of their clients.  Any attorney who appears as substitute counsel for a defendant shall have full authorization from the defendant to act on his or her behalf and be fully prepared to proceed.  Substitute counsel shall not be counsel for a co-defendant unless permitted by the court after proper motion.  Any counsel who wishes to have substitute counsel appear must obtain permission of the court in advance.

**NOTE:  Except in extraordinary circumstances or circumstances in which the Constitution would require it, the court will not entertain motions to withdraw filed by counsel who appear at arraignment unless the motions are filed within seven days of the date of this order.  Failure to obtain fees from a client is not an extraordinary circumstance.**

Done this 11th  day of January, 2006.

                                 **/s/ Delores R. Boyd**
                                 DELORES R.  BOYD
                                 UNITED STATES MAGISTRATE JUDGE

---

[2]  In certain complex cases, the government may agree to earlier production.