IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-00279-DRB |
| | ) | WO |
| KWAME D. PATRICK | ) | |

### ORDER ON MOTION

Submitted is *Defendant's Unopposed Motion to Continue* (Doc.10, March 8, 2006 ), supplemented with his *Waiver of Right to Speedy Trial* (Doc. 11, March 10, 2006 ), for consideration in the context of the Speedy Trial Act, 18 U.S.C.§3161.  On December 9, 2005, the United States filed a one-count Information charging the Defendant with theft of Government property; following his arraignment on January 10, 2006, the Court scheduled jury trial on March 20, 2006 (Doc.7).

While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161.  Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).  Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I).  *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978).  The court also must consider "whether the failure to grant such a continuance . . . would deny

counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

As grounds for continuing trial from the March 20, 2006 term, to the term beginning May 15, 2004, the Defendant reports the unavailability of his mother – due to recent hospitalization for a serious illness – to testify a witness who is "necessary and vital" to his defense. Additionally, defense counsel reports that her own post-surgery rehabilitation will not allow her to provide competent representation on the scheduled trial date.

For the reasons stated, and pursuant to the United States' concurrence with the motion, the court concludes, pursuant to 18 U.S.C.§3161(h)(8)(A) and (B), that the ends of justice served by granting a continuance outweigh the interests of the public and the defendant in a speedy trial.

**Accordingly, it is ORDERED that *Defendant's Unopposed Motion to Continue* is GRANTED. The jury selection and trial of this cause are continued to the Montgomery misdemeanor term set on May 15, 2006,** and it is further **ORDERED** that any requested voir dire questions and jury instructions must be filed no later than one week before jury selection.

The parties are hereby notified of the possibility that presently scheduled conflicts for the court on May 15 – including two civil jury trials and another misdemeanor jury trial – may make it necessary to continue this trial to the July 17 term.

Done this 13th day of March, 2006.

                        **/s/ Delores R. Boyd**
                        DELORES R. BOYD
                        UNITED STATES MAGISTRATE JUDGE