IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-00279-DRB |
| | ) | WO |
| KWAME D. PATRICK | ) | |

**<u>ORDER ON MOTION</u>**

Submitted is Defendant's *Unopposed Motion to Continue* (Doc.15, May 5, 2006), for consideration in the context of the Speedy Trial Act, 18 U.S.C.§3161. On December 9, 2005, the United States filed a one-count Information charging the Defendant with theft of Government property. For reasons arising from the medical condition of Defendant's counsel as well as the hospitalization of Defendant's mother, the court granted a continuance from the initially scheduled term of March 13, 2006 term to the May 15, 2006 term. (Doc.12).

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny

counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

As grounds for continuing trial from the May 15, 2006 term, to the term beginning July 17, 2006, the Defendant reports the submission of his Pretrial Diversion Request on April 3, 2006, and his intent to provide requested supplemental information. Reportedly, Defendant's application is expected to be approved. **The motion recites advice to the Defendant of his rights under the Speedy Trial Act and his intent to waive a speedy trial in consideration for the requested continuance.**

For good cause shown, and pursuant to the United States' concurrence with the motion, the court concludes, pursuant to 18 U.S.C.§3161(h)(8)(A) and (B), that the ends of justice served by granting a continuance outweigh the interests of the public and the defendant in a speedy trial.

**Accordingly, it is ORDERED that Defendant's** *Unopposed Motion to Continue* **is** GRANTED**. The jury selection and trial of this cause are continued to the Montgomery misdemeanor term set on July 17, 2006,** and it is further **ORDERED** that any requested voir dire questions and jury instructions must be filed no later than one week before jury selection. <u>**DEFENDANT IS INSTRUCTED TO FILE NOT LATER THAN MAY 12, 2006, A WAIVER OF HIS RIGHTS TO A SPEEDY TRIAL**</u>

Done this 8TH day of May, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE