IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA              )
                                      )
v.                                    )          2:05-CR-00279-DRB
                                      )          WO
KWAME D. PATRICK                      )

## ORDER ON MOTION

Submitted for consideration is *Defendant's Unopposed Motion to Continue* (Doc.18, July 13, 2006), in the context of the Speedy Trial Act, 18 U.S.C.§3161.  On December 9, 2005, the United States filed a one-count Information charging the Defendant with theft of Government property.

While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161.  Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later.  18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).  Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice."  18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978).  The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

As grounds for continuing trial from the July 17, 2006, the Defendant reports that Pre-Trial Services is in the process of completing the investigation and preparing a formal report.    T h e additional time needed to complete the report is likely to save the Court and the parties considerable expense.   For this good cause,  and pursuant to the United States' concurrence with the motion, the court concludes,   pursuant to 18 U.S.C.§3161(h)(8)(A) and (B), that the ends of justice served by granting a continuance outweigh the interests of the public and the defendant in a speedy trial.

**Accordingly, it is ORDERED that** *Defendant's Unopposed Motion to Continue* **is GRANTED.  The  jury selection and trial of this cause are continued to the Montgomery misdemeanor term set on September 11, 2006,** and it is further **ORDERED** that any requested voir dire questions and jury instructions must be filed no later than one week before jury selection.

Done this 14th day of July, 2006.


**/s/ Delores R. Boyd**
DELORES R.  BOYD
UNITED STATES MAGISTRATE JUDGE