IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-CR-00279-DRB |
| | ) | WO |
| KWAME D. PATRICK | ) | |

## ORDER ON MOTION

Submitted for consideration in the context of the Speedy Trial Act, 18 U.S.C.§3161, is Defendant's *Unopposed Motion to Continue* the trial now scheduled on September 11, 2006 (Doc.21, September 7, 2006).

While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion. Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §

3161(h)(8)(B)(iv).

On December 9, 2005, the United States filed a one-count Information charging the Defendant with theft of Government property; following his arraignment on January 11, 2006, the court set a jury trial for March 20, 2006. Pursuant to defendant's motions on March 8, May 15, and July 13, the court has continued the trial date from March 20 to May 15 to July 17 to September 11. Along with the continuance motion on July 17, the Defendant filed a Waiver of Right to Speedy Trial which recites his agreement for continuance of his trial "until after [July 17, 2006]."

As grounds for continuing trial from the September 11, 2006, the Defendant reports that the Pre-Trial Services office is in final stages of completing the Pre-Trial Diversion investigation and preparing a formal report. Defendant made the same representation in the July motion after having reported on May 15 the Defendant's submission on April 3, 2006, of his Pretrial Diversion Request. The United States has not opposed the motions for continuances.

Favorable treatment of Defendant's pre-trial diversion application will serve the defendant's interests and maximize judicial economy. Nonetheless, this court has a significant interest in ensuring the orderly prosecution of crimes charged and, in pursuit of that interest, will not permit unlimited continuances which are unreasonable. While the court appreciates the limited resources available for the processing of pre-trial diversion applications, it has not been put on notice of any difficulties which should prevent the final consideration of such applications within six months of the application. **Thus, the Defendant, the United States, and pre-trial services officers are each hereby advised that the court grants this fourth continuance with great reticence and will not grant any further continuances;** if the defendant's application for pre-trial diversion has not been completed by the next scheduled term – sufficiently to permit the United States' motion for dismissal

of this case – the parties should be prepared for a final adjudication of this case on the scheduled trial date.

Accordingly, pursuant to 18 U.S.C.§3161(h)(8)(A) and (B), the court finds that the ends of justice served by granting **this fourth and final continuance** outweigh the interests of the public and the defendant in a speedy trial. **Defendant's *Unopposed Motion to Continue* (Doc.21) is GRANTED to the extent that jury selection and trial are continued to the Montgomery misdemeanor term set on November 6, 2006,** with any requested voir dire questions and jury instructions to be filed not later than one week before jury selection.

Done this 8th day of September, 2006.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE